ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OPINION IN WHICH YOU ASKED, IN EFFECT, THE FOLLOWING QUESTION:
 WHAT IS THE EFFECT OF A MORATORIUM IMPOSED PURSUANT TO 63 O.S. 1056 (1991) OF THE OKLAHOMA HOUSING AUTHORITIES ACT ON THE ADMINISTRATION OF PORTABLE FEDERAL HOUSING CERTIFICATES ("SECTION 8 CERTIFICATES)?
TITLE 63 O.S. 1056 (1991), PROVIDES, IN PERTINENT PART, AS FOLLOWS:
 "(A) UPON THE FILING OF A PETITION BY FIVE PERCENT (5%) OF THE QUALIFIED VOTERS OF THE CITY OR COUNTY, AS THE CASE MAY BE, ASSERTING THERE IS NEED FOR LIMITING AN AUTHORITY TO ITS EXISTING OPERATIONS AND PROHIBITING SUCH AUTHORITY FROM ENGAGING IN ADDITIONAL PROJECTS OR ADDITIONS TO EXISTING PROJECTS, OR UPON ITS OWN MOTION, THE GOVERNING BODY OF THAT CITY OR COUNTY, AS THE CASE MAY BE, SHALL CALL AN ELECTION OF THE QUALIFIED VOTERS RESIDING IN THE AREA OF THE AUTHORITY FOR THE PURPOSE OF DECIDING WHETHER OR NOT THE AUTHORITY SHALL BE LIMITED TO ITS EXISTING OPERATIONS AND PROHIBITED FROM ENGAGING IN ADDITIONAL PROJECTS OR ADDITIONS TO EXISTING PROJECTS."
ACCORDING TO THE INFORMATION YOU PROVIDED, THE CITIZENS OF DEL CITY ELECTED, PURSUANT TO THIS PROVISION, TO PROHIBIT THE DEL CITY HOUSING AUTHORITY FROM ENGAGING IN ADDITIONAL PROJECTS OR ADDITIONS TO EXISTING PROJECTS. (FOR PURPOSES OF THIS DISCUSSION, I WILL CALL THE RESULT OF THIS ELECTION A MORATORIUM, ALTHOUGH THAT WORD IS NOT USED IN THE STATUTE.)
THE QUESTION THEN AROSE AS TO WHETHER CONTINUING TO ADMINISTER SECTION 8 CERTIFICATES WOULD CONSTITUTE "ADDITIONAL PROJECTS OR ADDITIONS TO EXISTING PROJECTS."
IT IS MY UNDERSTANDING THAT SECTION 8 CERTIFICATES ARE CERTIFICATES GIVEN TO FAMILIES WHO QUALIFY FOR HOUSING ASSISTANCE UNDER FEDERAL LAW. ONE OF THE CHARACTERISTICS OF THESE CERTIFICATES IS PORTABILITY THAT IS, THE HOLDER WHO MOVES FROM AN AREA WITHIN THE JURISDICTION OF ONE HOUSING AUTHORITY TO THE JURISDICTION OF ANOTHER HOUSING AUTHORITY WITHIN THE STATE MAY RECEIVE HOUSING ASSISTANCE TO RENT AN ELIGIBLE DWELLING IN THE NEW AREA WITHOUT HAVING TO REQUALIFY. WHILE THIS IS LIKELY AN OVERSIMPLIFICATION, I BELIEVE IT WILL SUFFICE FOR PURPOSES OF THIS DISCUSSION.
THE ATTORNEY FOR THE DEL CITY HOUSING AUTHORITY ADVISED THE AUTHORITY THAT IT SHOULD NOT ADMINISTER ANY ADDITIONAL SECTION 8 CERTIFICATES, EVEN THOUGH THE CERTIFICATE HOLDER MAY HAVE MOVED INTO DEL CITY WITH ANOTHER AUTHORITY'S PORTABLE CERTIFICATE. IT WAS HIS INTERPRETATION THAT ADMINISTERING SUCH CERTIFICATES WOULD VIOLATE THE MORATORIUM AGAINST ADDITIONAL PROJECTS OR ADDITIONS TO EXISTING PROJECTS.
TITLE 63 O.S. 1054(I) (1991) PROVIDES THE FOLLOWING DEFINITION:
 ""HOUSING PROJECT" OR "PROJECT" MEANS ANY WORK OR UNDERTAKING ON CONTIGUOUS OR NONCONTIGUOUS SITES:
 (1) TO DEMOLISH, CLEAR, OR REMOVE BUILDINGS FROM ANY SLUM AREA:
 (2) TO PROVIDE OR ASSIST IN PROVIDING (BY ANY SUITABLE METHOD, INCLUDING BUT NOT LIMITED TO: RENTAL; SALE OF INDIVIDUAL UNITS IN SINGLE OR MULTIFAMILY STRUCTURES UNDER CONVENTIONAL CONDOMINIUM, OR COOPERATIVE SALES CONTRACT; LEASE-PURCHASE AGREEMENT; LOANS; OR SUBSIDIZING OF RENTALS OR CHARGES) DECENT, SAFE AND SANITARY URBAN OR RURAL DWELLINGS, APARTMENTS, OR OTHER LIVING ACCOMMODATIONS FOR PERSONS OF LOW INCOME; OR
(3) TO ACCOMPLISH A COMBINATION OF THE FOREGOING."
WHETHER ADMINISTRATION OF SECTION 8 CERTIFICATES FITS WITHIN THIS DEFINITION IS A QUESTION OF FACT WHICH CANNOT BE ANSWERED BY AN ATTORNEY GENERAL OPINION. 74 O.S. 18B(A)(5) (1983). FURTHER, THE DEL CITY HOUSING AUTHORITY HAS BEEN ADVISED BY ITS LEGAL COUNSEL, WHO IS THE PROPER PARTY TO APPLY THE LAW TO THE FACTS OF THIS PARTICULAR SITUATION. THE ATTORNEY GENERAL FUNCTIONS AS A LEGAL ADVISOR TO THE STATE, THE LEGISLATURE, AND VARIOUS STATE BOARDS, AGENCIES AND COMMISSIONS. AS SUCH, SHE IS NOT AUTHORIZED TO REPRESENT OR GIVE LEGAL ADVICE TO MUNICIPALITIES OR GOVERNMENTAL ENTITIES OF A LOCAL NATURE.
AFTER CONVERSATIONS WITH THE COUNSEL FOR THE DEL CITY HOUSING AUTHORITY AND FOR THE U. S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD) HERE IN OKLAHOMA CITY, I HAVE CONCLUDED THAT THE REAL QUESTION IS WHETHER A FAILURE TO ADMINISTER SECTION 8 CERTIFICATES CONSTITUTES A BREACH OF THE HOUSING AUTHORITY'S CONTRACTUAL OBLIGATIONS WITH HUD. TO ANSWER THIS QUESTION WOULD REQUIRE INTERPRETATION OF THE PARTICULAR CONTRACTUAL PROVISIONS, AND THIS IS SOMETHING THAT THE ATTORNEY GENERAL, AS NOTED ABOVE, IS NOT AUTHORIZED TO DO.
(GAY ABSTON TUDOR)